## CONSTRUCTION OF LEASE OF AN UNCOMPLETED BUILDING.

Circuit Court of Cuyahoga County.

THE BANKERS' FRATERNAL UNION v. THE WILLIAMSON COMPANY.

Decided, December 12, 1904.

*Landlord and Tenant—Clause in Lease Regarding Delay in Giving Possession Construed.*

When a clause in a lease provides that the lessor shall not be liable in damages for any failure on its part to complete the building leased in time for occupancy under the terms of the lease, but will endeavor to have it completed at that time and in case of failure so to do, the lessee shall be entitled to a proportionate rebate of rent, such clause postpones the date when the lease becomes effective, in case the building is not completed, and is not a mere limitation of damages on the part of lessor for non-delivery, and gives lessee no right to repudiate the contract of lease because the premises are not ready for occupancy.

*Hogan & Parmely,* for plaintiff in error.
*Ford, Snyder & Henry,* contra.

WINCH, J.; HALE, J., and MARVIN, J., concur.

The Williamson Company brought its action in the common pleas court against the Bankers' Fraternal Union to recover for the rent of certain offices in the Williamson Building, Cleveland, Ohio, under the terms and covenants of a written lease entered into between the parties wherein the lessor demised certain premises for the term of three yars from the first day of April, 1900, and the lessee agreed to pay as rent for the demised premises for said term the sum of one thousand dollars per annum in monthly installments in advance.

The eighth clause of said lease contains the following provision:

"Lessor shall not be liable in damages for any failure on its part to complete the Williamson Building in time for occupancy under the terms thereof. Said lessor, however, agrees to use its best endeavors so as to complete said building, and in the

event of any failure so to do the lessee shall be entitled to a proportionate rebate of the rent for the premises hereby leased.''

The defendant below tendered issue as to the authority of the person who signed the lease for it to bind the corporation and as a further defense alleged that said offices were not completed ready for occupancy April 1, 1900, and that the lessor failing to give it possession of the premises on said day the defendant on said day rescinded and canceled said lease, refused to be bound thereby and immediately so notified the lessor.

These issues being referred to a jury, there was a verdict for the plaintiff below and the judgment thereon we are now asked to review.

As to the authority of one Myler, who signed said lease, to bind the defendant below, the question was fairly submitted to the jury, and we are not disposed to disturb its findings with regard thereto.

The alleged rescission of the contract by the lessor's failure to give possession on April 1, 1900, is a legal proposition and is properly brought before this court for review by exceptions of defendant below to the court's charge as given and its refusal to charge as requested by said defendant.

There was evidence offered at the trial that the building was not completed on said day and that possession of said offices could not be taken on that day; there was no evidence that the lessor had not used its best endeavors so to complete the building.

We are thus called upon to construe that part of the eighth clause of said lease heretofore quoted.

Counsel for plaintiff in error has argued that the evidence in this case shows a breach on the part of the lessor of the covenant to give possession; that the time for the delivery of possession to the tenant is treated as of the essence of the lease and if the landlord refuses to deliver possession at the time specified, the tenant may abandon the lease, or he may affirm the lease and sue the lessor for damages for the breach of the covenant; that the law thus stated, giving the lessee an option as to his remedies, would be applicable to this case were it not for said eighth

clause of the lease; that the sole purpose and effect of said clause is to limit the lessor's remedy in damages without taking from it its option to rescind the lease.

The supposed attitude and intention of the Williamson Company at the time it prepared this lease is colloqually stated by lessee's counsel, as follows:

"I believe now that I will be able to deliver to you the possession of these rooms on April 1, 1900, consequently I will make your term begin on that date and have your rent payable from then. But, for fear that I may be unable to do so, I propose, as a matter of precaution, to limit my liability in damages to you. If I am unable to deliver possession to you on April 1, 1900, you may have all the remedies that the law gives you therefor, except that I am not to be liable to you in damages for such failure. I agree, however, to use my best endeavors to have the building completed and these rooms ready for occupancy at the commencement of your term. If I fail, however, and you prefer to hold me to the lease and accept possession of the rooms when I am able to deliver them to you, then you are only to be entitled to a rebate of the rent, provided for in the lease from the date of the commencement of the term to the time you receive possession of the rooms. If I fail to use my best endeavors to complete the building and have it ready for occupancy by April 1, 1900, then of course I will be responsible to you for such damages as the law gives you, in event that you elect to hold me to this lease; otherwise not, except as herein provided."

We are inclined to think that the parties were not contracting with regard to lessee's remedies in case of the lessor's breach of the covenants of the lease, but were contracting with regard to the term of the lease, when it was to begin, if the building was not completed on time, and that it would be more proper to put the lessor's attitude and intention as follows:

"If I am unable to deliver possession to you on April 1, 1900, it is hereby agreed that the term hereby granted shall not begin until the building is completed and I can give you possession, and you shall not be liable for rent until the building is so completed."

This is the construction given to the eighth clause of the lease by the trial judge, and we find no error in it.

Judgment affirmed.